BURTON STEPHENS, *et als., v.* PLEASANT TAYLOR, *et als.*

CONSTRUCTION OF GRANT. *Evidence.* Where a grant is for 2,000 acres, and the boundaries are given by courses and distances to the beginning, and the grant then further recites: "Including said Taylor's farm and residence, and excluding 531¼ acres of prior claims,

*Held,* That the 531¼ acres are included within the boundaries, but are not granted, and that a verdict in ejectment for 2,000 acres, based upon the evidence furnished by such grant, without more, is against the evidence, and must be set aside.

FROM FENTRESS.

Appeal from the Circuit Court. H. C. HAMSTED, Judge.

J. D. GOODPASTURE for Stephens.

S. M. COLMS for Taylor.

DEADERICK, J., delivered the opinion of the Court.

Pleasant Taylor and Benjamin R. and Isaac Stockton instituted an action of ejectment against Burton Stephens and Thomas Owens, in the Circuit Court of Fentress County. After several verdicts were rendered, which were set aside, the plaintiffs obtained a verdict at March Term, 1871, which the Court refused to disturb, and rendered judgment in favor of plaintiffs, from which defendants appealed in error to this Court.

It is insisted that the verdict and judgment are

erroneous, as the judgment, following the verdict, is, that the plaintiffs recover of the defendants, Burton Stephens and Thomas Owens, the above described premises, etc. The language of the verdict is: "The jury, on their oath, do say, that they find the issue in favor of the plaintiffs, and that the defendants, Burton Stephens and Thomas Owens, are guilty, in manner and form, as the plaintiffs in their declaration have alleged, of withholding from the plaintiffs the premises, in the declaration," etc.

The premises are described in the declaration by the boundaries of a grant issued to plaintiff, Taylor, by the State of Tennessee, August 5, 1849.

The declaration contains two counts, in the name of all the plaintiffs, and one in the name of P. Taylor. The grant on which plaintiffs rely to establish their title is for 2,000 acres, and the boundaries are given just, as they are set out in the declaration. After giving the courses and distances to the beginning, the grant further recites as follows: "including said Taylor's farm and residence, and excluding $531\frac{1}{4}$ acres of prior claims."

It is clear that the $531\frac{1}{4}$ acres are included within the boundaries of the 2,000 acres specified and bounded in the grant. It is equally clear that the $531\frac{1}{4}$ acres were not granted or intended to be granted to Taylor, as they are expressly excluded from the grant to him, upon the face of the grant. It does not appear from the grant, from the declaration, the evidence, or the verdict or judgment, where the excluded tract or tracts

lies. No mention of the exclusion is made in the pleadings, evidence, verdict or judgment.

Within the 2,000 acres Taylor had a cabin and a few acres cleared, which the grant, upon its face, includes, but the verdict of the jury was for all of the 2,000 acres, including the 531¼ acres, which the grant expressly declares are to be excluded.

The verdict is, therefore, to this extent, not only unsupported by evidence, but is in direct opposition to the proof furnished hy plaintiffs, and on which they rely for a recovery.

To support the verdict in favor of plaintiffs, they must show title to the lands recovered. This they have not done as to 531¼ acres of the 2,000 acres, and the judgment must be reversed.